**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISON**

| | | |
|---|---|---|
| **CYNTHIA SALAZAR, an individual, on behalf of herself, and on behalf of all persons similarly situated,** | § § § § | |
| **Plaintiff,** | § | **COMPLAINT & JURY DEMAND** |
| | § | |
| **vs.** | § | |
| | § | **Civil Action No. 4:17-cv-00399** |
| **ROSA'S FIRST QUALITY HOME HEALTHCARE, LLC, a Texas corporation, and BALINDA ANTOINE, an individual,** | § § § § | |
| **Defendants.** | | |

Plaintiff, Cynthia Salazar, on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b), files this Complaint and Jury Demand against Defendants, Rosa's First Quality Home Healthcare, LLC and Balinda Antoine, and alleges:

**I.**
**NATURE OF THE ACTION**

1.      The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at the rate not less than one and one-half times the regular rate at which he is employed."  *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.      Plaintiff brings this class action on behalf of herself and a class consisting of all individuals who are or previously were employed by Defendant, Rosa's First Quality Home Healthcare, LLC ("RFQHH"), as a home attendant and in other similarly situated positions

1

during the Collective Class Period, as hereinafter defined ("Class").

3.      Individuals in these positions are and were employees who are entitled to be classified as non-exempt, entitled to be paid for regular and overtime compensation, entitled to receive meal and rest period breaks, entitled to prompt payment of amounts that the employer owes an employee when the employee quits or is terminated, and entitled to other compensation and working conditions that are prescribed by law.

4.      Although RFQHH permits its employees employed as home attendants, and other similarly situated positions, to work more than forty (40) hours a week and hours on the seventh (7th) consecutive day of a workweek as a matter of policy and practice, RFQHH consistently and uniformly denies them the required overtime and other compensation that the law requires.

5.      In this action, Plaintiff, on behalf of herself and the Class, seeks to have all home attendant staff members recover all the compensation that RFQHH was required by law to provide, but failed to provide, to Plaintiff and all other Class members.

6.      Plaintiff and all home attendants perform the same primary duties, which consist of supporting clients of RFQHH by providing housekeeping and laundry services; shopping for food and other household requirements; preparing and serving meals and snacks; running errands, and other nondiscretionary tasks.  The primary objective of the home attendant is essentially to make sure that the client, to whom he or she is assigned, is monitored and helped with his or her daily tasks. These job duties, performed by every home attendant, are examples of work that lack an exercise of discretion and independent judgement. Plaintiff, as well as every other home attendant, performs duties that do not involve, with respect to matters of significance, the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered as required by 29 C.F.R. § 541.202(a).

## II.
## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.      Venue is proper in this District, pursuant to Title 28 U.S.C. § 1391(b) and (d) and Title 29 U.S.C. § 206 et. Seq., because the events forming the basis of the suit occurred in this District and Defendants have substantial and systematic contacts in this District.

## III.
## PARTIES

9.      Plaintiff, Cynthia Salazar, is an individual who resides in White Settlement, Texas. Ms. Salazar was employed by Defendant, RFQHH, within the meaning of the FLSA, from on or about April 2014, until on or about April 2017. Ms. Salazar was paid on an hourly basis and regularly worked thirty (30) to forty-five (45) hours of overtime per week. Ms. Salazar was paid straight time for all hours worked. Ms. Salazar's written consent is attached as Exhibit "A" to this Complaint.

10.     The "Class Members" are those home attendants and other similarly situated employees employed by RFQHH during the three-year period preceding the filing of this Complaint.

11.     Defendant, Rosa's First Quality Home Healthcare, LLC, is a Texas corporation with its principal place of business in Texas. Defendant RFQHH does business in the State of Texas operating a home healthcare services company. Defendant specifically does business in this District. Defendant is an enterprise engaged in commerce.  Defendant employed Plaintiff and the Class Members within the meaning of the FLSA.  Defendant may be served with process through its registered agent, Balinda Antoine, at 306 E. Randol Mill Road, Ste. 100, Arlington, Texas 76011.

12.     Defendant, Balinda Antoine ("Antoine"), is Rosa's First Quality Home Healthcare, LLC's managing partner. Antoine directs the operations of RFQHH. Antoine can be served with process at her place of residence located at 6019 Lakehurst Court, Arlington, Texas 76016.

## IV.
## COLLECTIVE ACTION UNDER THE FLSA

13.     Plaintiff brings this lawsuit as a collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA"), on behalf of all persons who were, are, or will be employed by Defendant RFQHH as a home attendant, and other similarly situated positions, at any time within the applicable statute of limitations period ("Collective Class Period"), who have not been fully compensated for all actual time worked and wages earned and other benefits ("Collective Class"). To the extent equitable tolling operates to toll claims by the Collective Class against Defendants, the Collective Class Period should be adjusted accordingly. The Collective Class includes all such persons, whether or not they were paid by salary, by hourly, or by part salary and part hourly.

14.     Questions of law and fact common to the Collective Class as a whole, include, but are not limited to, the following:

a.      Whether Defendants failed to adequately compensate the members of the Collective Class for overtime hours worked as required by the FLSA, 29 U.S.C. § 207;

b.      Whether Defendants failed to adequately compensate the members of the Collective Class for all time worked for the benefit of Defendants as required by the FLSA;

c.      Whether Defendants only paid straight time for hours worked beyond forty (40) in a workweek;

d.      Whether Defendants should be enjoined from continuing the unlawful practices;

4

and

e.      Whether Defendants are liable to the Collective Class.

15.     The first cause of action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), for all claims asserted by the representative Plaintiff of the Collective Class because the claims of the Plaintiff are similar to the claims of the members of the prospective Collective Class.

16.     Plaintiff is similarly situated and has substantially similar job requirements and pay provisions to the Collective Class, and was subject to RFQHH's common and uniform policies and practices of failing to compensate overtime hours worked at an overtime rate in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor ("Regulations").

17.      Although the exact amount of damages may vary among individuals of the Class, the damages for each can be calculated using the same methodology or formula.

18.     Defendants possess the names and addresses of all Class Members in its records.

19.     The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class: "All of RFQHH's current and former home attendants who worked for Defendants between May 2014, and up to the time notice of the lawsuit is provided."

**V.**
**GENERAL ALLEGATIONS**

20.     Defendant, RFQHH, as a matter of corporate policy, practice and procedure, and in violation of applicable provisions of the FLSA, intentionally, knowingly, and willfully,

systematically paid straight time for all hours the Plaintiff and the other Class Members and other similarly situated employees worked. To the extent equitable tolling operates to toll the claims by the Class Members against Defendants, the Collective Class Period should be adjusted accordingly.

21.     Defendants have intentionally and deliberately failed to pay overtime to home attendants and denied them wages, minimum wage, overtime wages and other benefits to which non-exempt employees are entitled in order to unfairly cheat the competition and unlawfully profit.

22.     Defendants maintain records for which the Court can ascertain and identify by job title each of Defendant RFQHH's employees who, as Class Members, have systematically, intentionally and uniformly received straight pay for overtime hours worked. Plaintiff will seek leave to amend the Complaint to include these additional job titles when they have been identified.

## VI.
## <u>FACTUAL ALLEGATIONS</u>

23.     Rosa's First Quality Home Healthcare, LLC is a Texas limited liability company which operates businesses for profit.

24.     Plaintiff, Cynthia Salazar, was hired by Defendant RFQHH as a non-exempt, hourly employee with the job title of home attendant on or about April 2014.  The primary job duty of Plaintiff and her fellow home attendant co-workers was and is to assist elderly and/or persons who are mentally or physically ill with their day to day tasks.

25.     Plaintiff routinely worked thirty (30) to forty-five (45) hours of overtime every week. For the hours she worked, even those overtime hours beyond forty (40) hours in a workweek, she was paid straight time.

26.     Further, by failing to compensate overtime hours at time and one half worked by

the Plaintiff and Class Members, Defendants failed to pay overtime pay when required by law.

27.     Plaintiff and all Class Members are hourly non-exempt employees whose FLSA protections have been violated by the Defendants.

28.     Defendants systematically failed to pay overtime to the Plaintiff and all other Class Members. Consequently, Plaintiff and other Class Members uniformly and systematically have been exempted from overtime wages for hours worked in excess of forty (40) hours per week.

29.     Defendants had knowledge that Plaintiff and Class Members worked more than forty (40) hours per week. Plaintiff and Class Members turned in record of their time and were paid straight time for any and all hours worked.

30.     Plaintiff routinely worked thirty (30) to forty-five (45) hours of overtime per week, for which she was not compensated. Ms. Salazar's time records reflect she worked 2,281.5 overtime hours from August 2015 to March 2017. She was paid only straight time for those hours.

31.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

**VII.**
**CAUSE OF ACTION: FAILURE TO PAY WAGES IN**
**ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

32.     Plaintiff incorporates the allegations in the preceding paragraphs. This action is authorized and instituted pursuant to the FLSA- 29 U.S.C §201, et. seq..

33.     All conditions precedent, if any, to this suit, have been fulfilled.

34.     At all material times, Plaintiff and Class Members were employees under the FLSA 29 U.S.C. §203(e).

35.     At all material times, Defendants were and are eligible and covered employers

under the FLSA 29 U.S.C. §203(d).

36.     At all material times, Defendants were aware that Plaintiff and others similarly situated routinely were not paid for their overtime hours at a rate of time and one half. Further, such failure to pay afore time also caused Plaintiff and others similarly situated at times to not be compensated in accordance with the FLSA.

37.     At all material times, Plaintiff and others similarly situated were entitled to the wages overtime compensation for hours worked in excess of forty (40) hours per workweek.  29 U.S.C. §207(a)(1).

38.     At all material times, Defendants failed to pay Plaintiff and others similarly situated their overtime compensation for hours worked in excess of the forty (40) hour workweek.

39.     During the three (3) years preceding the filing of this lawsuit, Defendants have not paid Plaintiff and others similarly situated for all hours worked in excess of forty (40) hours in a workweek

40.     Defendants' violations of the FLSA were and remain willful within the meaning of 29 U.S.C. §255(a).

41.     At all relevant times, Defendants failed to pay Plaintiff, and other members of the Collective Class, overtime compensation for the hours they worked in excess of the maximum hours permissible by the law as required by Section 207 of the FLSA, even though Plaintiff, and the other members of the Collective Class, were regularly required to work, and did in fact work, such hours.

42.     For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Complaint.

43.     There are no exemptions applicable to Plaintiff and/or members of the Collective Class.

44.     Plaintiff and members of the Collective Class were damaged in an amount to be proved at trial as a result of Defendants' failure to pay overtime as required by FLSA.

45.     Therefore, Plaintiff demands that she and the members of the Collective Class be paid overtime compensation required by FLSA for every hour of overtime worked in any workweek for which they were not compensated in an amount required by the FLSA, plus liquidated damages, plus interest and attorneys' fees as provided by law.

## VIII.
## RELIEF SOUGHT

46     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she and all those who consent to be opt-in plaintiffs in this collective action recover from Defendants the following:

a.     Actual damages in the amount of all unpaid wages and overtime compensation;

b.     Overtime compensation for all unpaid hours worked in excess of forty (40) hours in any workweek at the rate of one-and-one-half times their regular rates;

c.     An equal amount as liquidated damages as allowed under the FLSA;

d.     Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

e.     Pre-judgment and post-judgment interest at the highest rates allowed by law; and

f.     Such other relief as to which Plaintiff and the opt-in plaintiffs may be entitled.

## IX.
## DEMAND FOR JURY TRIAL

47.     Plaintiff hereby demands a jury trial on all claims so triable in this action.

Dated:  May 16, 2017                          Respectfully Submitted,

                                              **JACKSON ALLEN & WILLIAMS, LLP**

                                              /s/ John H. Allen, III
                                              John H. Allen, III, Esq. - Trial/Lead Counsel

tallen@jacksonallenfirm.com
Jennifer Williams, Esq.
jwilliams@jacksonallenfirm.com
Amber L. Martin, Esq.
amartin@jacksonallenfirm.com
3838 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
(214) 521-2300
(214) 452-5637 (Facsimile)

***ATTORNEYS FOR PLAINTIFF***